CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 0 1 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MICHAEL D. DAROCHA,  )
)
Plaintiff,  ) Civil Action No. 7:10CV00217
)
v.  ) **MEMORANDUM OPINION**
)
ROANOKE COUNTY GENERAL  ) By: Hon. Glen E. Conrad
DISTRICT COURT,  ) United States District Judge
)
Defendant.  )

The plaintiff, Michael D. Darocha, proceeding pro se, filed this action on May 28, 2010, naming the Roanoke County General District Court as a defendant.* The court granted the plaintiff's contemporaneously filed motion to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1). After conducting an initial screening of the complaint, however, the court concludes that it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Factual Background

The plaintiff's one-page complaint states, in its entirety, as follows:

> This is in reference to a situation where the State of Virginia has illegally withheld my driver's license. I filled out a Division of Motor Vehicle MED-2 form (i.e. medical report) and gave it to Dr. Smith who was employed with Blue Ridge Behavioral Healthcare. He agreed to send it to Richmond, Va., but he failed to do so. After this I became involved in an altercation in Pulaski County, Virginia which was dismissed in my absence. The Virginia state trooper who was dispatched from Wytheville, Va. lied, after I placed a phone call, and said he did not have my driver's license.
>
> My mother became ill at her home and had to be taken to a hospital in a rescue squad vehicle. I left in my own vehicle and was arrested for alluding [sic] and driving with a suspended license.

---

* The plaintiff filed the same complaint against the City of Salem General District Court in a separate action.

The civil cover sheet completed by the plaintiff characterizes the cause of action as one for "violation of civil rights."

## Standard of Review

Under 28 U.S.C. § 1915, which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-657 (4th Cir. 2006). Specifically, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)).

The standard of review for a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure also applies to a dismissal for failure to state a claim under § 1915(e)(2)(B). Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002). Thus, in reviewing a complaint under this statute, the court must "accept as true all well-pleaded allegations" and construe those allegations in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint need not assert detailed factual allegations, but must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Furthermore, even assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." Id.

## Discussion

Because the plaintiff characterizes his cause of action as one for violation of his civil rights, the court construes the plaintiff's complaint as being brought pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action against any "person" who, under color of state law, causes the deprivation of another citizen's rights under the Constitution or laws of the

United States. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege sufficient facts to establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Having reviewed the plaintiff's complaint, the court concludes that the plaintiff's allegations fail to satisfy either element. While the plaintiff states that this action is one for violation of his civil rights, he does not identify which constitutional rights were violated or when the violations are alleged to have occurred. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (noting that "[d]istrict judges are not mind readers," and that "they cannot be expected to construct full blown claims from sentence fragments"). Moreover, the only defendant named in the plaintiff's complaint is the Roanoke County General District Court, and it is well-established that a state court is not a "person" for purposes of § 1983, and thus, not a proper defendant in a § 1983 action. See Harris v. Champion, 51 F.3d 901, 906 (10th Cir. 1995) (holding that a state court is not a "person" under § 1983 and citing cases from other circuits).

## Conclusion

For the foregoing reasons, the court concludes that the plaintiff has failed to state a claim on which relief may be granted and, thus, that his complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 1st day of June, 2010.

United States District Judge